UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DIANDRE A. MOSBY,<br><br>Defendant(s). | Case No. 2:13-CR-97 JCM (CWH)<br><br>ORDER |

Presently before the court is petitioner Diandre Mosby's motion to reduce sentence (ECF No. 49), to which the government responded (ECF No. 52).

**I.    Facts**

On November 18, 2009, petitioner was sentenced to 41 months imprisonment to be followed by a term of five years supervised release for bank fraud and conspiracy to commit wire fraud and bank fraud. (ECF No. 4 at 18-19). On June 22, 2017, petitioner was sentenced to 36 months imprisonment for violating the conditions of his supervised release. (ECF No. 47).

**II.    Legal Standard**

Generally, a court may not correct or modify a prison sentence once it has been imposed. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). A court may only modify a sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id*.

Under Rule 35, a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error within fourteen days of imposing the sentence." *United States v. Ceballos*, 671 F.3d 852, 854 (9th Cir. 2011). This is a jurisdictional requirement, and the court

**James C. Mahan**
**U.S. District Judge**

loses jurisdiction to modify the sentence after fourteen days. *United States v. Aguilar-Reyes*, 653 F.3d 1053, 1055 (9th Cir. 2011).

Alternatively, under Rule 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Rule 36 "is a narrow provision limited to correction of errors of no more than clerical significance." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984); *United States v. Marchese*, 341 F.2d 782, 788 (9th Cir. 1965) ("Rule 36 applies to clerical errors only.").

### III. Discussion

Here, petitioner has asked the court to reduce his sentence. (ECF No. 49 at 1). However, petitioner does not cite any authority in support of this request. *Id.* Generally, a court may not correct or modify a prison sentence once it has been imposed. *Penna*, 319 F.3d at 511. However, a court may modify a prison sentence "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.*

Under Rule 35, a court may "correct a sentence that resulted from arithmetical, technical, or other clear error within fourteen days of imposing the sentence." *Ceballos*, 671 F.3d at 854. Petitioner does not allege or show that any such error was made here. In addition, the fourteen-day window has passed, and the court therefore lacks jurisdiction to modify petitioner's sentence under Rule 35. *See Aguilar-Reyes*, 653 F.3d at 1055.

Alternatively, petitioner's request does not qualify under Rule 36. Rule 36 applies "to clerical errors only," and petitioner's request to reduce his sentence does not qualify as a correction of a clerical error. *See United States v. Marchese*, 341 F.2d at 788. Accordingly, petitioner's motion to reduce sentence is denied.

In addition to his request for a reduced sentence, petitioner claims that he did not receive credit for time served. (ECF No. 49 at 1). The Bureau of Prisons has the statutory authority under § 3585(b) to compute a federal prisoner's sentence, including credit for time served. *United States v. Wilson*, 503 U.S. 329, 334 (1992); *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir. 1992). Petitioner must exhaust his administrative remedies before he can petition for judicial review of

**James C. Mahan**
**U.S. District Judge**

the attorney general's denial, if any, of credit for time served. *Checchini*, 967 F.2d at 350. Here, petitioner has not shown that he has exhausted his administrative remedies. Therefore, the court may not consider petitioner's claim that he did not receive credit for time served.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that petitioner's motion to reduce sentence (ECF No. 49) be, and the same hereby is, DENIED.

DATED July 20, 2018.

_____
UNITED STATES DISTRICT JUDGE